UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WALTER E. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-348 |
| v. ) | (JORDAN/GUYTON) |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| Defendant. ) | |

## ORDER AND NOTICE

This case is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and Plaintiff's Brief in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. 406(b) [Docs. 36 & 37], filed on July 16, 2013. <u>See</u> 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

The Commissioner filed a response [Doc. 40] objecting to Plaintiff's motion. In her response, the Commissioner noted that, because a portion of Plaintiff's past-due benefits have already been withheld to pay his attorney's fees at the administrative level pursuant to 42 U.S.C. § 406(a), if the Court were to award attorney's fees under 42 U.S.C. § 406(b) for work performed before this Court, counsel for Plaintiff would need to seek the fees from his client. Although Plaintiff's counsel filed a reply [Doc. 41], counsel did not address this specific contention raised by the Commissioner. The Commissioner subsequently filed a notice [Doc. 42] essentially reiterating her position by stating:

> the portion of past-due benefits that were withheld to pay attorney's fees have already been applied to an award under 42 U.S.C. § 406(a) for work performed at the administrative level. *See* Commissioner's Objection to Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), p. 4, [Ct. Doc. 40] Therefore, to the extent the Court awards any fee to Plaintiff's attorney under

> 42 U.S.C. § 406(b) for work performed before this Court, it is respectfully requested that the Court not order the Commissioner to pay the fees to Plaintiff's attorney, but rather indicate in its order that the amount of fees awarded must be sought by the attorney directly from his client.

The Court has read the parties' briefings and finds that the Commissioner's argument on this issue requires a response by Plaintiff's counsel. Therefore, Plaintiff's counsel is **ORDERED** to file a brief response clarifying his position on the issue by stating whether he agrees with or opposes the Commissioner's contention. If Plaintiff's counsel disagrees with the Commissioner, counsel is directed to explain his reasoning by providing citation to authority. The response is due on or before **September 27, 2013**.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge