UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WALTER E. MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-CV-348 |
| | ) | (JORDAN/GUYTON) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 36]. The Plaintiff seeks a fee award in the amount of $2,422.03. [Doc. 41].

**I.    BACKGROUND**

On August 8, 2011, The Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 19, 20]. On September 23, 2011, the Commissioner filed a Motion for Summary Judgment and Memorandum in Support [Docs. 21, 22]. The parties subsequently filed a joint motion [Doc. 27] on November 17, 2011, asking the District Court to enter a judgment reversing the Commissioner's decision under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). United States District Judge R. Leon Jordan entered an Order [Doc. 28] on November 21, 2011, granting the parties' joint motion, and a Judgment

1

[Doc. 29] was entered by the Clerk of Court on the same day.

Following the sentence four remand, the Plaintiff filed a motion for attorney's fee pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and a memorandum in support [Docs. 30, 31]. The Plaintiff requested an EAJA award in the amount of $6,716.80. The Commissioner responded [Doc. 33] that she had no opposition to the requested fee award by the Plaintiff. On March 20, 2012, Judge Jordan entered an Order [Doc. 35] granting the Plaintiff's motion for attorney's fees pursuant to the EAJA.

## II. POSITION OF THE PARTIES

Plaintiff's counsel requests [Doc. 41] attorney's fees pursuant to 42. U.S.C. § 406(b) in the amount of $2,422.03[1] for 37.2 attorney worked performed hours at $184.20 per hour. Counsel submits that in accordance with section 406(b) and his contingent fee agreement with the Plaintiff, counsel is entitled to $2,422.03, which is twenty-five percent of the Plaintiff's past-due benefits, for time spent litigating the Plaintiff's claim before the Court.

The Commissioner does not object to a fee request of $2,422.03 [Doc. 40], but maintains [Docs. 40, 42] that if the Court awards any fees pursuant to section 406(b), Plaintiff's counsel should be instructed to seek the fees directly from his client rather than the Commissioner because the portion of the past-due benefits have already been withheld and applied to an award for work performed at the administrative level pursuant to 42 U.S.C. § 406(a).

Counsel filed a response [Doc. 44] stating that he agrees with the Commissioner that

---

[1] The Court notes that counsel originally requested $6,852.26 [Docs. 36, 37] based upon his mistaken calculation that the Plaintiff's past-due benefits amounted to $27,761.04. The Commissioner objected [Doc. 40] to the fee request, explaining that the Plaintiff had filed two separate claims for social security benefits, that $27,761.04 represented the total past-due benefits for both of the claims, but that counsel represented the Plaintiff on only one of those claims. The Commissioner asserted, and the Plaintiff replied [Doc 41] in agreement, that the actual amount of past-due benefits for the claim counsel represented the Plaintiff on was $9,688.12, and thus the maximum allowable fee award under section 406(b) is $2,422.03, or twenty-five percent of $9,688.12.

because the Commissioner has already withheld twenty-five percent of the past-due benefits for the Plaintiff's claim, which has been released to the attorney who handled the Plaintiff's claim at the administrative level, counsel would have to seek a fee award ordered by the Court directly from his client.

### III. ANALYSIS

Now before the Court is a request from Plaintiff's counsel for attorney's fees pursuant to 42 U.S.C. § 406(b). Three conditions must be met before fees will be awarded:

> 1. The Court must have rendered a judgment favorable to the Plaintiff;
>
> 2. The Plaintiff must have been represented by counsel; and
>
> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past due benefits to which Plaintiff is entitled.

See 42 U.S.C. § 406(b)(1)(A). The Court will first address whether all three conditions are met for an award of attorney's fees under section 406(b), and then analyze whether Plaintiff's counsel should seek the award directly from his client or the Commissioner.

#### A. The Plaintiff has received a favorable judgment

In this case, the Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

Thus, the Court finds that the first condition for granting attorney's fees under section 406(b) has been met.

### B. The Plaintiff was represented by counsel

In support of his motion for attorney's fees, Plaintiff's counsel attached to the motion a signed agreement between counsel and his client which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by the Plaintiff as payment for counsel's representation. [Doc. 37-1].

Accordingly, the Court finds that the Plaintiff was represented by counsel for this claim.

### C. The requested fee amount is reasonable

Counsel for Plaintiff submits that a fee request of twenty-five percent of the past-due benefits awarded to the Plaintiff is reasonable because the twenty-five percent cap has been upheld by case law and is consistent with the agreement between counsel and his client. The Commissioner also agrees that pursuant to section 406(b), counsel is entitled up to $2,422.03, which is twenty-five percent of the Plaintiff's past-due benefits for this claim.

Even with an unopposed motion for attorney's fees, courts must still determine whether the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 419 (6th Cir. 1990) (citing Rodriquez, 865 F.2d at 746).

In support of his motion, Plaintiff's counsel has provided a copy of the contingent fee

4

agreement and has submitted an affidavit[2] detailing the 37.2 hours spent working on this case. The Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Accordingly, based upon the number of attorney hours expended litigating this case and the attorney's fees requested, the Court finds that the amount charged for counsel's services is reasonable and that it does not constitute a windfall as a matter of law.

The Court notes that when attorney's fees are awarded for the same work under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant. <u>Jankovich v. Bowen</u>, 868 F.2d 867, 871 n.1 (6th Cir. 1989). In this case, as previously mentioned, the Plaintiff has already obtained an EAJA award in the amount of $6,716.80 which would make the section 406(b) fee award the smaller of the two awards. However, in counsel's memorandum in support of his motion for section 406(b) fees, he explains that the fee award is properly payable to him because the EAJA fees were paid to the Plaintiff but diverted by the Treasury Offset Program to pay the Plaintiff's federal debt. <u>See</u> <u>Bryant v. Comm'r of Soc. Sec.</u>, 578 F.3d 443, 449 (6th Cir. 2009) (stating "that because the EAJA awards are payable to plaintiffs rather than to plaintiffs' counsel, those awards are subject to administrative offset."). Thus, counsel maintains, and the Commissioner does not contest, that the Plaintiff has received the benefits of the EAJA award by the reduction of his federal debt while counsel received nothing from the EAJA award. The Court agrees and finds that counsel is entitled to the section 406(b) fees despite the award being the smaller of the two fee awards in this case.

---

[2] Counsel's affidavit [Doc. 32] was submitted in support of his motion for EAJA fees. In his motion for attorney's fees pursuant to section 406(b) [Doc. 37 at 4], counsel directs the Court in a footnote to the affidavit previously filed.

**D.     The fee award must be sought from the Plaintiff**

Lastly, the Commissioner asks [Docs. 40, 42] the Court to order Plaintiff's counsel to collect the fee award directly from the Plaintiff rather than the Commissioner.  Counsel concedes [Doc. 44] that the Commissioner's position is correct.

The Court notes that a fee award under section 406(b) is typically collected by the attorney directly from the Commissioner.  See 42 U.S.C. § 406(b)(1)(A); Gisbrecht, 535 U.S. at 805.  Based upon the parties' briefings, it is unclear to the Court why the fee award at issue here has already been withheld and applied to an award under 42 U.S.C. § 402(a) which awards attorney's fees for work performed at the administrative level.  Nonetheless, because the parties are in agreement and have represented to the Court that this is the appropriate means for Plaintiff's counsel to collect the fee award in this case, the Court will recommend that counsel collect his attorney's fees pursuant to section 406(b) directly from his client rather than the Commissioner.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's motion is well-taken. It is hereby **RECOMMENDED**[2] that the Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [**Doc. 36**] in the sum of $2,422.03 be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).